UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW LEE STASZAK, | |
| Petitioner, | |
| v. | Civil No. 15-cv-20-JPG |
| UNITED STATES OF AMERICA, | Criminal No 12-cr-40064-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Matthew Lee Staszak's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On August 5, 2013, the petitioner pled guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2551(a) and (e), two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and one count of failure to appear at a required court hearing in violation of 18 U.S.C. § 3146(a)(1). The Court sentenced the petitioner to serve 240 months in prison. The petitioner did not appeal his conviction. In his timely § 2255 motion, the petitioner raises twelve grounds for relief. The Court now conducts its preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, No. 14-8459, 2015 U.S. LEXIS 2050 (U.S. Mar. 23, 2015). It is proper to deny a § 2255 motion without an evidentiary hearing

if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

As a preliminary matter, Staszak's plea agreement contained a broad waiver of his right to challenge his conviction and sentence through a § 2255 motion:  "[T]he Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the agreement of the parties herein, the Defendant reserves the right to appeal the reasonableness of the sentence." Plea Agrmt. at 10.   Such waivers may be unenforceable if the plea agreement was involuntary or the defendant received ineffective assistance of counsel in connection with negotiating the plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999); *see Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).   Because Staszak alleges that his guilty plea was involuntary and that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement, the Court cannot say at this point that Staszak's waiver is enforceable.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Ground 12.   There, Staszak argues his Fifth Amendment due process rights were violated because the Government failed to comply with grand jury procedures contained in Federal Rule of Criminal Procedure 6.   Specifically, he believes the Government violated Rule 6(f) by failing to obtain the concurrence of at least 12 grand jurors to return an indictment.   As evidence of this failure, he points to the lack of a docket entry in his case showing the record of the grand jury concurrences that Rule 6(c) requires the foreperson to maintain and file with the Clerk of Court.   Staszak also claims his counsel was constitutionally ineffective in violation of the Sixth Amendment because she failed to contest the Court's jurisdiction in the absence of a statement of juror

concurrences entered on the docket.

Staszak's argument rests on a fundamental misconception of the procedures regarding grand jury returns.  It is true that pursuant to Rule 6(c) the foreperson maintains a record of the number of jurors concurring in every indictment and files that record with the Clerk of Court.  The Clerk of Court, however, does not file that record in any individual criminal case.  Instead, she maintains it under lock and key in the vault of the Clerk's Office where it is unavailable to the public.  The indictment itself, signed by the foreperson, is filed in the criminal case and is the evidence of 12 jurors' concurrence.  In sum, the absence of the record of concurrences in the file is standard procedure, and the presence of the signed indictment is evidence that 12 jurors concurred with the charges.  Staszak's counsel was not constitutionally deficient for failing to make this argument, which, as explained above, has no basis. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013).  Because Ground 12 consists of no more than speculative, unsupported allegations of wrongdoing, relief under § 2255 is not warranted based on Ground 12.

As for the other grounds Staszak alleges as bases for relief, those allegations turn on events outside the existing record of the case, so a response from the Government will be necessary to resolve them.  Accordingly, the Court **ORDERS** the Government to file a response to Grounds 1 through 11 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.  The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.  The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   April 7, 2015**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**