IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW LEE STASZAK, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. 15-cv-20-JPG |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Criminal No. 12-cr-40064-JPG |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is the Government's Motion for Order Authorizing Defense Attorney to Provide Written Response and Motion for an Additional 45 Days After Receipt of the Written Response to Respond to Petitioner's § 2255 Motion (Doc. 10).  Defendant Matthew Lee Staszak has responded to the motion (Doc. 11) asking that a waiver be limited to the issues raised in his § 2255 motion and objecting to the extension of time to respond.

Previously, this Court granted the government's first motion for extension of time and ordered the Government to respond to Staszak's § 2255 motion by July 10, 2015 (Doc. 5). Thereafter, Staszak sought to amend his motion and add another ground for relief (Doc. 6).  The motion to amend was allowed, and the Government was ordered to respond to the new ground for relief as well as the initial 11 grounds for relief.  As the government states, ten of the twelve grounds for relief raised by Staszak concern claims of ineffective assistance of counsel and relate directly or indirectly to communications between Staszak and his attorney and other members of the Federal Public Defender's Office, leading up to and following his guilty plea and sentencing (Docs. 1 & 6).  Staszak was represented by Assistant Federal Public Defender Melissa Day at all relevant times.

In its motion, the Government advises the Court that it has notified Ms. Day and that it will be seeking a court order authorizing her, and any other member of the Federal Defender's Office deemed necessary by Ms. Day, to provide a written response to the ineffective assistance of counsel claims. The Government submits, however, that in light of the Seventh Circuit's decision in *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997), an order from the Court specifically finding that Staszak's allegations of ineffective assistance of counsel have waived the otherwise applicable attorney-client privilege and specifically authorizing her, or any other member of the Federal Public Defender's Office to respond is advisable. In *Evans*, in addressing whether the attorney-client privilege had been waived in circumstances different from those presented in this case, the Seventh Circuit noted that the "most prudent course" for a defense attorney to take before disclosing confidential communications and other information—even if the attorney believed that a waiver of the privilege had clearly occurred—is to secure an administrative or judicial determination that the disclosure would not violate the attorney client privilege. *Id.* at 1468.

The Court notes that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716-17 (9th Cir. 2003) (citing *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the

privilege is waived."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)); *In re Lott*, 139 Fed. App'x 658, 660 (6th Cir. 2005) ("In the habeas context, courts have found implied waiver of the attorney-client privilege when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'"; quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). Accordingly,

**IT IS ORDERED** that the Government's motion (Doc. 10) be and is hereby **GRANTED.** The Court **FINDS** that Staszak's allegations of ineffective assistance of counsel on the part of Ms. Day and other members of the Federal Defender's Office operate as a waiver of the attorney-client privilege as to matters relevant to the issues in his § 2255 motion.

**IT IS FURTHER ORDERED** that Ms. Day and other members of the Federal Defender's Office who are alleged to have been ineffective in assisting Ms. Day, are authorized to provide an affidavit addressing Staszak's allegations of ineffective assistance of counsel and provide that affidavit to Counsel for the Government for inclusion with its response.

**IT IS FURTHER ORDERED** that the Government shall have up to and including September 4, 2015 to file its response.

**IT IS SO ORDERED.**

**DATE: July 21, 2015**

                                s/ J. Phil Gilbert
                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**