UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW LEE STASZAK,

   Petitioner,

          v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 15-cv-20-JPG

Criminal No 12-cr-40064-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Matthew Lee Staszak's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and supplements to the motion (Docs. 6 & 31). The Government has responded to the motion (Docs. 20, 47 & 60), and Staszak has replied to those responses (Docs. 26, 51, 56 & 61). The Court also considers other motions pending in this case.

**I.    Background**

On June 20, 2012, the grand jury returned an indictment against Staszak, and he pled not guilty to the charges. After being released on bond, the grand jury returned a superseding indictment changing one statutory citation and adding one additional charge. On October 4, 2012, Staszak failed to appear for arraignment on the superseding indictment, and the Government discovered he had removed his location monitoring device, an ankle bracelet, and had absconded. This led the grand jury to return a second superseding indictment while Staszak was a fugitive adding a charge of obstruction of justice based on Staszak's failure to appear at the arraignment. Staszak was eventually apprehended and his bond was revoked. He was arraigned on the second superseding indictment on June 3, 2013.

On August 5, 2013, Staszak pled guilty pursuant to a plea agreement and stipulation of

facts to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e) (Count 1), two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) (Counts 2 and 3), and one count of failure to appear at a required court hearing in violation of 18 U.S.C. § 3146(a)(1) (Count 4).

On February 7, 2014, the Court held a sentencing hearing at which it found Staszak's offense level was 43 (adjusted down from 45 pursuant to United States Sentencing Guideline Manual ("U.S.S.G.") Ch. 5, Part A cmt. n. 2 (2012)), and his criminal history category was I, which yielded a guideline sentencing range of life. The Court reduced that range to the 30-year statutory maximum pursuant to U.S.S.G. § 5G1.1(a), *see* 18 U.S.C. § 2251(e); 18 U.S.C. § 2423(b), yielding an effective range of 360 months. The Court sentenced the petitioner to serve 180 months on Counts 1, 2 and 3, concurrently, and 60 months on Count 4, consecutive to the term for Counts 1, 2 and 3, for a total of 240 months in prison. The petitioner did not appeal his conviction. On January 8, 2015, Staszak filed the pending § 2255 motion.

## II. § 2255 Motion

In his § 2255 motion and supplements, Staszak argues the following:

Ground 1: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she informed him in June and July 2013 that if he did not plead guilty, the Government would prosecute his family for aiding and abetting him while he was a fugitive; he was deprived of his Fifth Amendment due process right when he involuntarily pled guilty to avoid that threat of his family's prosecution;

Ground 2: He was deprived of his Fifth Amendment due process rights when the Government induced him to plead guilty by threatening to prosecute his family when it did not have probable cause to believe his family had aided or abetted him while he was a fugitive;

Ground 3: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to investigate Count 1,

2

which would have revealed the Government did not actually possess certain evidence of the charged offense – a video of sexually explicit conduct with a minor and evidence linking his cell phone to any sexually explicit conduct – and recommended he plead guilty to Count 1 without conducting a proper investigation; he was deprived of his Fifth Amendment due process right when he unknowingly, unintelligently and involuntarily pled guilty;

Ground 4: His Fifth Amendment due process rights were violated when the Government committed prosecutorial misconduct by charging him with sexual exploitation of a minor without evidence of a video of sexually explicit conduct with a minor and evidence linking his cell phone to any sexually explicit conduct, which showed it lacked a nexus to interstate commerce and thus subject matter jurisdiction; his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to argue the Government lacked jurisdiction; he was deprived of his Fifth Amendment due process right when he unknowingly, unintelligently and involuntarily pled guilty;

Ground 5: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she advised him to execute a plea agreement and stipulation of facts and to plead guilty to Count 1 after he had informed her that the allegations in Count 1 had never occurred;

Ground 6: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she advised him to execute a plea agreement and stipulation of facts and to plead guilty to Count 2 after he had informed him that the allegations in Count 2 had never occurred;

Ground 7: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to do legal research to discover that the conduct charged in Count 3 does not amount to a federal offense; his Fifth Amendment due process rights were violated when the Government committed prosecutorial misconduct by charging him with Count 3 when it knew his conduct did not amount to a federal offense; he was deprived of his Fifth Amendment due process right when he unknowingly, unintelligently and involuntarily pled guilty;

Ground 8: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to pursue the Government's offer for Staszak to cooperate in the prosecution of

his minor victim's mother; his Fifth Amendment due process rights were violated when the Government committed prosecutorial misconduct by falsely representing to Staszak that he would receive a sentence reduction if he cooperated and to the Court at sentencing that there was an ongoing investigation of the victim's mother; he was deprived of his Fifth Amendment due process right when he unknowingly, unintelligently and involuntarily pled guilty;

Ground 9: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she and others in her office induced Staszak to plead guilty using threats of prosecution of his family or of him by other jurisdictions, false promises of a sentence reduction for cooperation and assistance of counsel through his cooperation;

Ground 10: He was denied his Fifth Amendment due process rights when the Government failed to produce exculpatory evidence, a forensic examination of his cell phone showing no images of sexual activity; he was deprived of his Fifth Amendment due process rights when he unknowingly, unintelligently and involuntarily pled guilty;

Ground 11: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to file a motion to withdraw his guilty plea after he and/or his parents instructed her to do so on two occasions;

Ground 12: He was denied his Fifth Amendment due process rights when the Government failed to comply with grand jury procedures contained in Federal Rule of Criminal Procedure 6; his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to contest the Court's jurisdiction light of the violation of Rule 6; and

Ground 13: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to investigate Count 2, which would have revealed that a dominant purpose of his interstate travel was not to have illicit sexual conduct with the victim, and when she failed to challenge the Court's jurisdiction on this basis.

Ground 14: His counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when she failed to investigate two individuals he claims were involved in criminal conduct with his victim and falsely promised him he would receive sentence reduction of at least 50% for assisting with prosecution of the other individuals; the Government committed misconduct by representing

4

> to the Court he was to receive a sentence reduction and by
> withholding evidence regarding these other individuals' criminal
> conduct from his counsel.

Staszak states several times that had the Government not threatened to prosecute his family and had his counsel been constitutionally effective, he would not have pled guilty and would have proceeded to trial.

In an order dated April 7, 2015 (Doc. 3), the Court determined that it was plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Ground 12. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court ordered the Government to respond to the remaining grounds asserted.

In reviewing the remaining grounds for relief, the Court notes that key to just about all of Staszak's arguments is the assertion that the Court should disregard his statements in the plea colloquy, including, but not limited to, the statements that he was fully satisfied with the counsel, representation and advice given to him by his counsel, that he knowingly waived his right to file a § 2255 motion, that the factual basis recited by the Government was correct, that no threats or promises had been made to him to induce him to plead guilty, and that he was doing so as his own free and voluntary act.

The Court is mindful that "the representations of the defendant . . . at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

> When a district court conducts a Rule 11 colloquy, it is not putting on a show for the
> defendant, the public, or anybody else. The purpose of a Rule 11 colloquy is to
> expose coercion or mistake, and the district judge must be able to rely on the

> defendant's sworn testimony at that hearing. Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy. Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [the petitioner] to renege on his representation under oath to the district court that there were no promises made to him to induce his guilty plea. Absent a showing that his attorney personally directed him to hide the truth from the judge, we simply cannot accept [the petitioner's] explanation for lying to the court.

*Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (internal quotations and citations omitted). The petitioner bears a heavy burden of overcoming the presumption that his sworn plea colloquy statements were true. *See United States v. Hardimon*, 700 F.3d 940, 944 (7th Cir. 2012).

In an attempt to carry his burden to show why the Court should disregard his statements, Staszak states that his counsel told him before his plea "that I would be asked if anyone had threatened me or promised me anything to induce my plea, and that I should answer no to this. . . . I told Ms. Day this was wrong, that if I was going to plead guilty, I did not want to lie to Judge Gilbert about what actually happened. I asked her if there was any other way. She said this was the way it had to be. . . ." Staszak Aff. ¶ 8 (Doc. 1). In his reply brief (Doc. 26), he characterizes counsel's advice as an instruction to lie to the Court or the Government would withdraw the plea offer and arrest and prosecute Staszak's parents.

The Court believes resolution of this case would be facilitated by determining whether it should or should not disregard Staszak's statements at his plea hearing. To this end, it would be helpful to explore Staszak's communications with counsel leading up to and immediately after his guilty plea and Staszak's proffered justification for disregarding his statements at his plea colloquy. This requires an evidentiary hearing where the Court can hear testimony from Staszak and his defense counsel. Accordingly, the Court will hold an evidentiary hearing to address these

6

issues. The hearing shall be limited to those issues. Pursuant to Rule 8(e) of the Rules Governing Section 2255 Proceedings for the United States District Courts and the Criminal Justice Act, 18 U.S.C. § 3006A, the Court will appoint counsel to represent Staszak at the hearing.

## III. Other Motions

### A. Motion for Discovery and to Unseal Documents; Motion to Strike Response

Staszak has filed a motion for discovery and to unseal documents (Doc. 30), to which the Government has responded (Docs. 42 & 43) and Staszak has replied (Doc. 44). In his reply, he also asks the Court to strike the Government's response brief (Doc. 45). In his request for discovery, Staszak seeks access to the Government's, the Federal Bureau of Investigations' and the Federal Public Defender's Office's discovery in his criminal case so he can review the evidence against him. In response, the Government argues the motion is either untimely because it was filed after the Government's response to Staszak's § 2255 motion or premature because Staszak apparently seeks the documents to be prepared for a criminal trial on the charges to which he previously pled guilty. It further argues that none of Staszak's arguments supporting § 2255 relief require the discovery he seeks, although it may be helpful if the Court vacates his sentence and Staszak proceeds to trial.

As a preliminary matter, the Court declines to strike the Government's response brief. Without citing any authority for striking the brief, Staszak argues that the Court should strike it because the Government has demonstrated "overzealous and radical intentions" against him in the response, has committed "depreciation and encroachment of his Constitutionally secured rights," and is "remarkably vindictive through their 'any-means-necessary' vendetta style tactics." Pet'r's Reply Br. 2 (Doc. 44). The Court has reviewed the response and finds no Government representation or conduct that warrants striking the brief.

As for the substance of Staszak's motion, the Court notes discovery in § 2255 cases is different from discovery in a run-of-the-mill civil or criminal case. In the context of a § 2255 proceeding, a district court has discretion to grant discovery upon a showing of good cause. Rule 6(a) of the Rules Governing Section 2255 Proceedings. In addition, the party making the discovery request "must provide reasons for the request." *Id.* at 6(b). Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotations omitted); *see also Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) ("The district court also has the authority to order discovery . . . to allow an adequate inquiry into a petitioner's claim. . . ."). The petitioner bears the burden of demonstrating the materiality of the discovery he requests. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Staszak has not provided good cause for ordering discovery in this case at this time. The documents he seeks relate to the merits of his criminal case, not to the general fairness of his criminal proceedings or to any of the specific arguments in his § 2255 motion. He has not made specific allegations showing how possessing evidentiary materials from his criminal case now would enable him to demonstrate he is entitled to § 2255 relief. The Court will therefore deny his request for discovery without prejudice to a renewed request if the complexion of this case changes such that discovery would be useful to Staszak.

In this motion, Staszak also asks the Court to unseal and send him copies of the Government's reply to Staszak's response to its motion *in limine* (Doc. 48), Staszak's sentencing memorandum that was stricken (Doc. 77), and the Court's statement of reasons for imposing the judgment (Doc. 86).

8

As a preliminary matter, Staszak has provided no legitimate reason to unseal the documents. Additionally, he has not met the Court's standard requirements for providing copies free of charge. Petitioners have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requester to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable petitioners who desire their records be sent to them at government expense.

Staszak stumbles hardest on the third factor; he does not need the documents. The Government's motion *in limine* became moot when he pled guilty, so the briefing is inconsequential. His sentencing memorandum was stricken from the file and was not considered by the Court. The Court's statement of reasons has no bearing on any of the points Staszak raises in his § 2255 motion. The Court will therefore deny this motion in its entirety.

B.     Motion for Bond

Staszak asks the Court for bond pending the decision on his § 2255 motion (Doc. 40). He argues that his motion has merit, he has an admirable military history, he has strong family and community ties, and it is clear he will not flee or pose a danger to himself or others.

"[F]ederal district judges in . . . section 2255 proceedings have inherent power to admit

9

applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *accord Bolante v. Keisler*, 506 F.3d 618, 620 (7th Cir. 2007). The Court of Appeals for the Seventh Circuit has explained why bond is rarely granted in § 2255 proceedings:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337; *see also Bolante*, 506 F.3d at 620. A claim of merely being confined unlawfully pending a decision on a § 2255 motion is not unusual and ordinarily will not warrant bond. *See, e.g., Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986) ("[T]here is nothing unusual about a claim of unlawful confinement in a habeas proceeding. [The petitioner] made no showing of any medical emergency or any other special circumstances.").

Staszak has not convinced the Court to exercise its discretion to place him on bond while it decides his § 2255 motion. Staszak's burden of showing he should be let out on bond is especially heavy in light of his history in this case. As noted above, before he pled guilty, he was on bond, but he removed his location monitoring device and absconding for eight months before he was forcibly apprehended and detained. He has an uphill climb to convince the Court that, this time when he says he will not flee, he means it. He has not done this. Instead, he claims nothing more than that he is unlawfully confined, as does just about every § 2255 petitioner. He does not point to any exceptional circumstances that would move this Court to release him on bond pending resolution of his § 2255 motion, especially in light of his history of fleeing from justice. The

Court will therefore deny Staszak's motion for bond (Doc. 40).

## IV. Conclusion

For the foregoing reasons, the Court:

- **RESERVES RULING** on Staszak's § 2255 motion (Docs. 1, 6 & 31);

- **ORDERS** that an evidentiary hearing be held on February 13, 2018, at 1:30 p.m., in Benton, Illinois, to address the issues of Staszak's communications with counsel leading up to and immediately after his guilty plea and Staszak's proffered justification for disregarding his statements at his plea colloquy. The hearing shall be limited to those issues;

- **APPOINTS** CJA Panel Attorney Patricia Gross to represent Staszak at the hearing only pursuant to Rule 8(e) of the Rules Governing Section 2255 Proceedings for the United States District Courts and the Criminal Justice Act, 18 U.S.C. § 3006A. This appointment does not extend to representation for other aspects of this § 2255 case;

- **DENIES without prejudice** Staszak's motion for discovery and to unseal documents(Doc. 30);

- **DENIES** Staszak's motion to strike the Government's response (Doc. 45); and

- **DENIES** Staszak's motion for bond (Doc. 40).

**IT IS SO ORDERED.**
**DATED: November 21, 2017**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**